Argued March 3, affirmed April 8, 1964

# DIERCKS ET UX *v.* HODGDON
390 P. 2d 935

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the briefs was George R. Goodrich, Tillamook.

*Douglas E. Kaufman,* Tillamook, argued the cause for respondents. On the brief were McMinimee & Kaufman, Tillamook.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## GOODWIN, J.

Defendant, operator of a shingle mill, appeals from a decree enjoining him from permitting smoke, cinders, and ashes to invade the plaintiff's residential property, and granting other relief.

■ There was clear and convincing evidence to the effect that the operations of the defendant's shingle mill caused an abatable nuisance in the particulars enjoined. The record fully supported the trial court's decree.

■ The appellant contends that the decree will have the effect of putting him out of business. We do not think the record supports such a contention, but in any event we are aware of no rule of law in this state that permits one private landowner to drive another from his home simply because it may be economically advantageous to the former to do so. The law applicable to this case is fully set forth in *York et ux v. Stallings et al,* 217 Or 13, 341 P2d 529 (1959). The record indicated that the trial judge had *York v. Stallings* before him as he tried the case, and that he was guided thereby in drafting the decree.

The defendant objects to the various provisions of the decree with respect to the practicability of enforcement thereof. For example, one kind of conduct that is enjoined is the dumping of logs upon the ground in such a manner and so close to the plaintiff's house as unreasonably to interfere with the plaintiff's use of his home. The defendant says this provision is too vague to be enforced. The evidence tended to prove that the manner of dumping logs employed by the defendant shook the plaintiff's house and caused dishes to fall from the shelves.

■ The decree can be enforced without undue difficulty. The defendant can unload his logs without dropping them in the manner described by the witnesses. It is not the province of the court to design a suitable unloading facility for the defendant. The decree tells the defendant what he is not to do. It is up to the defendant to accommodate his operations to the terms of the decree.

■ Finally, it is argued that the plaintiff should have instituted administrative proceedings under ORS 449.760 to 449.830 (air pollution controls) before resorting to a suit in equity. The statutes mentioned confer upon the State Sanitary Authority certain powers with reference to public nuisances. ORS 449.820 specifically provides that resort to administrative abatement proceedings is not a condition precedent to relief in law or equity from public or private nuisance.

The decree is affirmed.